NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Email: nfarboody@mazalent.com
Attorney for MAZAL GROUP, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZAL GROUP, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>EVE BEN LULU, an individual; and DOES 1 to 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>1) **BREACH OF WRITTEN CONTRACT.**<br>2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**<br>3) **NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION.**<br>4) **CONVERSION.** |

## INTRODUCTION

1.  This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MG"), to recover damages due to the breach of contract by EVE BEN LULU, an individual, and DOES 1-10 ("Defendants"), whose names have not yet been determined.

## JURISDICITON

2.  This Court has original jurisdiction over MG's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MG's state law claims under 28 U.S.C. §1367.  Furthermore, the state law claims contained herein are instituted to the provisions of 28 U.S.C §1332 in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

3.  This Court has personal jurisdiction over Defendants pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because, on information and belief, Defendants regularly

conduct business in, and carry minimum contacts with, the State of California.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1392(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.  Furthermore, Defendants' signed agreement with Plaintiff agrees to jurisdiction and venue to this Court.

## PARTIES TO THE ACTION

5.  Plaintiff, MAZAL GROUP LLC, is, and at all times material hereto was, a California limited liability company whose principal place of business is in Chatsworth, California.

6.  Defendant, EVE BEN LULU, is and at all times material hereto was, a natural person residing in Flushing, Queens, New York City, New York.

7.  Plaintiff, MG is ignorant of the true names and capacities of the defendants sued herein as Does 1 to 10, and therefore sues these defendants by such fictitious names.  Plaintiff, will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

8.  Plaintiff, MG is a company engaged in the manufacture and distribution of beauty products. MG engages clients with license agreements to license the right to sell products and use trademarks and other intellectual property.

9.  On or about December 21, 2017, MG and Defendants entered into an agreement for the licensing and right to sell certain brand products ("BRAND") to which MG had exclusive rights to license (henceforth "AGREEMENT", see Exhibit A, incorporated herein).

10.  Among the provisions of the AGREEMENT were Sections 1.02, 1.03 (Section 1.02 and 1.03 henceforth "AUTHORIZED CHANNELS"), and Section 4 (Section 4 henceforth "MAP"), such Sections, in relevant parts, are as follows:

Section 1.02 of the AGREEMENT states:

> 1.02.  <u>Authorized Products</u>. Licensee shall only sell, offer for sale, or otherwise advertise at the Licensed Location(s) Brand Products which Licensee has purchased directly from MG…

Section 1.03 of the AGREEMENT states:

> 1.03.  <u>Authorized Sales Channels.</u> Licensee shall only sell, offer for sale, or otherwise advertise Brand Products at the MG Licensed Location(s). Sale, offers for sale, or advertisement of Brand Products via other sales channels including, but not limited to online, wholesale or distribution channels, or transfer of bulk quantities of Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). **Licensee is not authorized to sell, list, advertise or otherwise market Brand Products online, either directly or indirectly…**

Section 4 of the AGREEMENT states:

> 4. **Minimum Advertised Pricing (MAP)**. From time to time MG may establish minimum advertised pricing for certain Brand Products, for certain customers and/or for certain situations. Licensee shall adhere to such minimum advertised pricing…. **This Section extends to all present inventory of Brand Products or any products licensed by MG, whether acquired through authorized channels subject to Section 1, et seq, or acquired through unauthorized means.** (*Emphasis added*)

11.  Pursuant to the AGREEMENT, Defendants agreed to sell BRAND products only if such products are bought from MG.  Furthermore, Defendants agreed only to sell products through approved channels and explicitly not online, either directly or indirectly.  Finally, Defendants agreed to advertised prices at certain levels dictated by MG and their pricing guidelines, MAP.

12.  On or about January 16, 2018, MG employees discovered that Defendant EVE BEN LULU was selling BRAND products transferred to her by a third party (see Exhibit D, "Sworn Affidavit of Ram Weinman") and selling through her father's account.

13.  Plaintiff alleges that Defendants violated the AGREEMENT by advertising prices and selling such Brand products under MAP, acquiring Brand Products from a third party, and selling those Brand products online in an unauthorized channel, directly and/or indirectly.

14.  On or about February 5, 2018, Defendants submitted a baseless "charge back" on goods Defendants purchased on or about December 20, 2017. The claimed reason is due to the goods not being received. However, attached, as Exhibit B, is the FedEx confirmation of receipt and tacking

numbers of the goods ordered on or about December 20, 2017, received and signed for by Defendants on December 27, 2018.  Such a practice is sometimes called "chargeback fraud." Attached as Exhibit C is the invoice for such purchase in the amount of two thousand, two hundred and eighty-three dollars and fifty-eight cents ($2,283.58).

14. Plaintiff won the challenge to Defendants' chargeback but suffered lost time with the funds they were supposed to have, lost opportunity to use and sell products sold to Defendants without payment, lost use of those funds, lost time of employees which were required to combat this baseless chargeback, and lost opportunity to use that time to generate more money.

15. Plaintiff reached out to Defendants to correct this behavior but were rebuffed and met with defiance. Defendants repeatedly failed to act in accordance to MG's demands even though they represented that Defendants would and admitted, to an MG employee, that they engaged with Ram Weinman, ostensibly to sell the Brand Products online (see Exhibit E).

16.  Defendants have refused to comply with Plaintiff's reasonable demands to adhere to the AGREEMENT and thus Plaintiff seeks judgement against Defendants, each and every one.

**FIRST CAUSE OF ACTION**

BREACH OF WRITTEN CONTRACT

BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

17.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

18.  MG alleges Defendants violated Section 1.03 of the AGREEMENT, constituting a material breach pursuant to Section 8 of the AGREEMENT, by selling BRAND products online violating the establish AUTHORIZE CHANNELS.

19.  MG alleges Defendants sold BRAND products acquired through third parties in violation of the AUTHORIZED CHANNELS.

20.  MG alleges that Defendants advertised prices and sold BRAND products under MAP, in violation of the AGREEMENT.

21.  MG alleges that the breach of the AGREEMENT did damage to MG's established channels of distribution, disrupting the market stability and predictability for the BRAND products

and harmed relations with MG's other licensees who are left to question whether Plaintiff can maintain the authorized channels and MAP while some brazenly breach, leaving further economic relations in doubt.

22. MG also alleges that by advertising prices under MAP, Defendants also harmed BRAND's image, degrading its value in the eyes of consumers.

23. Pursuant to Section 8.03 and Section 8.02 of the AGREEMENT, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per agreement.

24. Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## **SECOND CAUSE OF ACTION**

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

25. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

26. Plaintiff and Defendants entered into the AGREEMENT.

27. Every contract impose certain duties of good faith and fair dealing upon the parties in performance and enforcement of the contract.

28. Plaintiff did all or substantially all of the obligations required in the AGREEMENT.

29. As part of Defendants' obligations, Defendants were instructed to limit sale of MG Products to such sales channels to end users only, not sell online, and only advertise at MAP Guidelines.

30. Defendants wrongfully, deceptively, intentionally, and in bad faith advertised and sold online and at prices that harmed the BRAND and the BRAND's image as a luxury good and did harm to MG's relations with those for whom MG has engaged in licensee agreements with and who rely on certain price structures regarding BRAND Products, depriving Plaintiff MG of its right to receive the

benefit of a stable price structure and distribution channel that MG designed for the benefit of BRAND and those others for whom MG engages in license agreements.

31.  Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' breach of the implied warranty of good faith and fair dealing.

### THIRD CAUSE OF ACTION

NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION

BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

32. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

33.  Plaintiff was engaged in, at all relevant times, and presently engaged in business relations with licensees through licenses. With particularity to online clients of MG, MG relations have been substantially harmed due to MG's perceived inability to police its own BRAND and MAP for which these online licensees have complained.

34.  Such vertical price restrictions are in line with the decision in *Leegin Creative Leather Products, Inc. v. PSKS, Inc*., 551 U.S. 877 (2007).

35.  Defendant knew or should have known about these relations.

36.  Defendants knew or should have known that the actions described herein, namely the sales through unauthorized channels and the disruption of MG's distribution network would do substantial harm to MG's relations with online licensees and all licensees in general.

37.  Defendants failed to act with reasonable care and harmed MG as a result of their breach of contact.

38.  Due directly and substantial to Defendants' wrongful conduct, MG's relations with other licensees and business relations were harmed.

39.  Defendants is liable for negligent interference with an economic relation.

40.  Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' negligent interference with their economic relations in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

CONVERSION

BY PLAINTIFF MG AGAINST DEFENANTS AND DOES 1-10

41.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

42.  Plaintiff alleges, by action of Defendants wrongful chargeback, Defendants wrongfully retained the products listed in Exhibit C and deprive Plaintiff of the use an enjoyment of the funds it was owed but deprived of for the time.

43.  Without payment, those products are the property of Plaintiff and Plaintiff had the right to possess such products.

44.  Defendant knowingly and intentionally and substantially interfered with Plaintiff's rights to the property by taking possession of the products (as evidenced by Exhibit B) and retaining such possession without payment or return to Plaintiff.

45.  Plaintiff did not consent to Defendants' retaining of such products listed in Exhibit C after said chargeback without payment.

46.  Plaintiff suffered deprived use of the money it was owe, its productivity it would have been employed to, and Plaintiff suffered the deprived use of the products listed in Exhibit C and the use and profit that would have been derived from them had the time and expense not been employed against Defendant to defend the false chargeback claim, inter alia.

47.  Plaintiff also alleges that Plaintiff was required to employ resources and employee time and efforts to recoup the funds when the Defendant's false chargeback was won by Plaintiff.

48.  Plaintiff alleges Defendants' chargeback, inter alia, was a substantial factor in causing Plaintiff's harm.

49.  Plaintiff alleges that Defendants are liable for conversion of the property listed in Exhibit C.

50.  Plaintiff has suffered injury and damages and has lost income and property as a result of

Defendants' actions in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1. For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENT were fully performed by Defendants.

2. For liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per Section 8, *et seq.* of the AGREEMENT.

3. For specific performance of post-termination provisions contained in the AGREEMENT.

4. For general and consequential damages to be established at trial.

5. For injunctive relief.

6. For restitution.

7. For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENT.

8. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted.

DATE: 3/15/2018                           Signature:  /s/Nima Farboody___
                                          Nima Farboody, Esq.
                                          Attorney for Plaintiff Mazal Group, LLC